Filed 1/26/26  P. v. Galayan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B349260 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA371650-01) |
| v. | |
| GENNADIY GALAYAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review an order denying Gennadiy Galayan's petition for resentencing under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

On April 9, 2014, a jury found Galayan guilty of one count of attempted murder and other charges not relevant here. The jury found true an allegation that during the commission of the offense he personally and intentionally discharged a firearm, which caused great bodily injury within the meaning of section 12022.53, subdivision (d). We affirmed the judgment with sentence modifications. (*People v. Galayan* (May 19, 2016, B258290) [nonpub. opn.].)

On April 29, 2022, Galayan filed a petition for resentencing on his attempted murder conviction. The trial court denied the petition. On August 12, 2024, we reversed the denial of the resentencing petition and remanded the matter to the trial court because "the record is devoid of any evidence whatsoever. It appears to us that the People and both counsel simply looked at and relied on the facts found by the jury as set out in our prior opinion affirming Galayan's convictions." (*People v. Galayan* (Aug. 12, 2024, B336458 [nonpub. opn].)

On remand, the People filed a supplemental response to the resentencing petition, attaching the verdicts and jury instructions from the trial. On August 11, 2025, the trial court found Galayan had failed to make a prima facie showing that he was eligible for relief because he was convicted as the actual shooter based on the jury instructions and the verdicts.

---

[1] Undesignated statutory references are to the Penal Code.

Galayan filed a timely notice of appeal.

We appointed counsel to represent Galayan on appeal. On November 21, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Galayan he could file his own supplemental brief within 30 days and they were sending him transcripts of the record on appeal as well as a copy of the brief.

On November 24, 2025, this court sent Galayan notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On December 22, 2025, Galayan filed a supplemental brief. He contends the recently decided case of *People v. Nino* (2025) 111 Cal.App.5th 844 establishes that he is eligible for resentencing relief under section 1172.6. He also asserts that because his trial counsel did not argue *Nino* at the prima facie hearing, he suffered ineffective assistance of counsel.

Galayan is mistaken. *People v. Nino* does not help him. There, Jesus Nino was charged with murder with malice aforethought. The preliminary hearing transcript included evidence that Nino alone killed the victim while driving by in a car. Nino later pleaded guilty to second degree murder and admitted he personally used a firearm in the commission of the murder. The trial court denied Nino's 1172.6 petition on the ground that the evidence at the preliminary hearing showing he was the actual killer rendered him ineligible for resentencing relief as a matter of law. The Court of Appeal reversed, holding that although the transcript showed Nino was the actual killer,

3

the transcript did not foreclose the possibility that Nino could have been convicted of second degree felony murder based on a now-invalid theory of imputed malice. (*People v. Nino, supra,* 111 Cal.App.5th. at p. 854.)

Such is not the case here. Galayan went to trial and the jury convicted him of attempted murder. A person convicted of attempted murder is eligible for relief only if there was a possibility that the conviction was based on a natural and probable consequences theory of liability. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 [resentencing statute "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; See *People v. Morales* (2024) 102 Cal.App.5th 1120, 1129–1134 [same].) Here, the jury was not instructed on the natural and probable consequences theory. It was instructed on a theory of direct liability as the actual perpetrator of the attempted murder, a theory that required proof beyond a reasonable doubt that he took at least one direct but ineffective step toward killing another person and did so with the intent to kill that person. *People v. Nino* is inapposite. Galayan is not eligible for resentencing relief.

Because *People v. Nino* is not relevant to Galayan's conviction, his counsel was not ineffective for failing to argue it in support of the resentencing petition.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.